UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUTH MCDONOUGH | CIVIL ACTION |
| VERSUS | No. 09-242 |
| FIDELITY NATIONAL PROPERTY & CASUALTY INSURANCE COMPANY | SECTION I/1 |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, Fidelity National Property & Casualty Insurance Company ("Fidelity"), in its capacity as a Write-Your-Own ("WYO") carrier participating in the U.S. National Flood Insurance Program ("NFIP").[1] Plaintiff, Ruth McDonough, opposes the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

Plaintiff's home sustained flood damage when Hurricane Katrina made landfall on August 29, 2005. At that time, plaintiff's home was insured against flood damage by a Standard Flood Insurance Policy[2] ("SFIP") issued by Fidelity, in its capacity as a WYO insurer. The SFIP provided coverage up to $146,400.00 for flood damage to plaintiff's dwelling and up to $36,500.00 for the contents of plaintiff's dwelling.[3]

In the aftermath of the storm, plaintiff filed a claim with Fidelity under the SFIP. Fidelity sent an adjuster to plaintiff's property, and the adjuster found that the property had suffered some

---

[1] R. Doc. No. 25.
[2] R. Doc. No. 25-2, para. 2.
[3] R. Doc. No. 25-2 para. 10.

1

flooding.[4] Fidelity paid plaintiff $45,181.72 for damage to the building and $36,500.00 for damage to the contents.[5]

On August 26, 2006, plaintiff filed the above-captioned lawsuit against Fidelity seeking additional payment of her flood claim.[6] Subsequent to that date, on August 28, 2006, plaintiff sent a proof of loss form to Fidelity.[7] On January 13, 2010, Fidelity filed this motion arguing that plaintiff has not complied with the mandates of the SFIP by failing to submit proper proof of loss[8] prior to filing a lawsuit and by failing to provide sufficient supporting documentation in support of her claim. As a result, Fidelity claims that, as a matter of law, plaintiff cannot recover on her SFIP claims.

## *LAW AND ANALYSIS*

**I.     STANDARD OF LAW**

A.    Summary Judgment Standard

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence

---

[4] R. Doc. No. 25-2, para. 10.
[5] R. Doc. No. 25-2, para. 10.
[6] R. Doc. No. 25-1.
[7] R. Doc. No. 25-2, para. 11.
[8] In addition to the untimeliness of plaintiff's submission, Fidelity argues that plaintiff's submission was not proper because it was not signed by plaintiff.

of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

B.  The National Flood Insurance Act

The NFIP was established by the National Flood Insurance Act ("NFIA"), 42 U.S.C. §§ 4001-4129 (2006), and it is administered through the Federal Emergency Management Agency ("FEMA"). Wright v. Allstate Ins. Co. (Wright I), 415 F.3d 384, 386 (5th Cir. 2005). FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of an SFIP. See Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).

3

Although an SFIP can be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury." Wright I, 415 F.3d at 386. Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced. Id. at 387. "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" Id. (quoting Office of Pers. Mgmt. v. Richmond, 496 U.S. 414, 424 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 388.

C.  Compliance with SFIP Requirements

An insured must strictly comply with the requirements of the SFIP in order to recover. See Gowland, 143 F.3d at 954 ("[T]he provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced...."); Durkin v. State Farm Mut. Ins. Co., 3 F.Supp.2d 724, 728 (E.D.La.1997) (Vance, J.) (granting a motion for summary judgment because the plaintiff had not submitted an inventory to the insurer that met SFIP requirements). The insured may not file a lawsuit against his WYO insurer "unless [he has] complied with **all** the requirements of the [SFIP]." 44 C.F.R. pt. 61, app. A(1) art. VII. R., (emphasis added). SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator." 44 C.F.R. § 61.13(d); Gowland, 143 F.3d at 953.

## II.     DISCUSSION

Where, as here, an insured is attempting to recover under an SFIP after a dispute over lack of payment or partial payment, a plaintiff must strictly comply with all of the requirements of the SFIP, including the proof of loss and supporting documentation requirements. See Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co., 542 F.3d 1053, 1056 (5th Cir. 2008) (citing Richardson v. American Bankers Ins. Co., 279 F.App'x 295 (5th Cir. 2008)); Eichaker v. Fidelity Nat'l Prop & Casualty Ins. Co., 2008 WL 2308959, at *3-4 (E.D.La. June 3, 2008).

Defendant contends that, prior to filing this lawsuit, plaintiff did not file a formal proof of loss or provide any supporting documentation. In her opposition, plaintiff does not argue that she filed a proof of loss prior to filing a lawsuit.[9] Rather, plaintiff argues that because plaintiff's claim was not rejected by Fidelity for failure to file a proof of loss, plaintiff should be allowed to proceed.[10]

Plaintiff's argument ignores the clearly established rule that courts must strictly construe the requirements of the SFIP. "An NFIP participant cannot file a lawsuit seeking further federal benefits under the SFIP unless the participant can show prior compliance with **all** policy requirements." Richardson, 279 F.App'x. at 298 (emphasis in original). A sworn proof of loss is "a condition precedent" to bringing litigation. Marseilles, 542 F.3d at 1055. Plaintiff's arguments concerning Fidelity's actions are irrelevant because even the insurer does not have the power to waive the mandatory proof of loss requirement. Gowland, 143 F.3d at 954. SFIP

---

[9] See R. Doc. No. 27.
[10] In support of her argument that Fidelity has essentially waived the proof of loss requirement by paying a portion of plaintiff's claim, plaintiff cites to Reichert v. Fidelity National Property, et al., 2007 WL 763706 (E.D.La. Mar. 8, 2007). As defendant correctly notes, however, Reichert has subsequently been overruled by its author. See Wientjes v. American Bankers Insurance Co., et al, No. 07-3762 (E.D.La. Sept. 17, 2008) (Zainey, J.) (finding that Fifth Circuit precedent foreclosed any arguments regarding substantial compliance with federal regulations because strict compliance is required).

requirements can only be waived with "the express written consent of the Federal Insurance Administrator." Id. Because plaintiff did not file a proof of loss prior to filing this lawsuit, plaintiff is barred from asserting an SFIP claim.[11]

Further, even if plaintiff had filed a timely proof of loss prior to filing this lawsuit, plaintiff could not recover because plaintiff failed to comply with the FEMA requirement that she supply sufficient documentation in support of her claim prior to filing a lawsuit. In support of its motion, Fidelity provided the sworn affidavit of Deborah Price, Fidelity's vice-president of claims. Ms. Price's affidavit unequivocally states that plaintiff did not provide "the required supporting documentation to Fidelity prior to filing [this lawsuit]."[12]

Although plaintiff argues that additional documentation was provided,[13] plaintiff provides no evidence that sufficient supporting documentation was provided prior to filing a lawsuit. It is clear that the FEMA regulations "mandate strict **pre-suit** compliance with supporting documentation requirements." St. Ann Protector v. Fidelity Nat. Ins. Co., 2009 WL 3062484 at *4 (E.D.La. Sept. 21, 2009) (Englehardt, J.); Wells v. Fidelity Nat. Ins. Co., 2008 WL 2781539 at *4 (E.D.La. July 14, 2008) (Duvall, J.) ("Plaintiff's failure to file such documentation prior to filing suit is fatal to her claim."); Trosclair v. State Farm Fire and Cas. Co., 2008 WL 5157715 at *3 (E.D.La. Dec. 9, 2008) (Englehardt, J.) (documentation submitted after the filing of a lawsuit cannot cure a pre-suit deficiency).

Accordingly,

---

[11] Because of this Court's ruling with respect to the timing of plaintiff's proof of loss requirement, it does not need to reach defendant's other arguments concerning the nature of the proof of loss.
[12] R. Doc. No. 25-2, para. 13.
[13] Plaintiff points to deposition testimony suggesting that additional documentation was provided in a letter drafted on August 26, 2006. Plaintiff's evidence does not state that the letter was delivered prior to plaintiff filing this lawsuit and, in fact, suggests that the letter was not delivered until a later date. See R. Doc. No. 25-4, p. 6.

**IT IS ORDERED** that the motion is **GRANTED** and plaintiff's claims[14] against Fidelity in its capacity as a WYO carrier are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, February 8, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] The Court finds that the proof of loss issue is dispositive of the entire SFIP claim. Additionally, plaintiff did not oppose Fidelity's arguments concerning plaintiff's state law extra-contractual claims. Accordingly, that portion of Fidelity's motion is granted as unopposed.